IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, a foreign insurer.<br><br>                           Plaintiff,<br><br>v.<br><br>YATES, WOOD, & MACDONALD, INC., a Washington Corporation; 1000 MADISON, LLC, a Washington Limited Liability Company, GARY R. ALLEN, an individual; HOLLY PUGSLEY, an individual.<br><br>                          Defendants. | No. 2:24-cv-441<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Northfield Insurance Company (Northfield) submits the following Complaint for Declaratory Relief.

## I.      INTRODUCTION

1.1    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Northfield seeks a determination that it does not owe a duty to defend or indemnify Yates, Wood, & Macdonald, Inc. (Yates), or Yates' former employee Gary R. Allen (Allen), under the policy of insurance issued by Northfield with respect to the claims brought by

COMPLAINT FOR DECLARATORY RELIEF – 1
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

Holly Pugsley (Pugsley) in *Holly Pugsley v. Gary R. Allen, et al.,* King County Superior Court Cause No. 23-2-14966-1 SEA (the "Underlying Lawsuit").

## II.   PARTIES

2.1   Plaintiff Northfield is a foreign eligible surplus lines insurer organized under the laws of the State of Iowa with its principal place of business in the State of Connecticut.

2.2   Upon information and belief, Defendant Yates is a Washington Corporation licensed to do business in the State of Washington with its principal place of business in the State of Washington.

2.3   Upon information and belief, Defendant 1000 Madison LLC (Madison) is a Washington Professional Limited Liability Company, licensed to do business in the State of Washington.

2.4   Upon information and belief, Defendant Allen at all relevant times was a citizen of the State of Washington.

2.5   Upon information and belief, Defendant Pugsley at all relevant times was a citizen of the State of Washington.

## III.   JURISDICTION AND VENUE

3.1   This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00.

3.2   Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves a claim for insurance coverage stemming from the alleged losses that occurred in Seattle, Washington and all individual defendants reside within this judicial district.

## IV.   FACTS

COMPLAINT FOR DECLARATORY RELIEF – 2
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**A.    Background**

4.1     Pugsley was a resident at the Chasselton Apartments located at 1017 Boren Ave in Seattle, Washington, in a studio apartment pursuant to a lease dated October 10, 2018.

4.2     The Chasselton Apartments are owned by Madison and managed by Yates.

4.3     Allen was the property manager of the Chasselton Apartments.

4.4     On August 11, 2023, Pugsley filed the Underlying Lawsuit against Allen, Yates, and Madison.

**B.    The Underlying Lawsuit**

4.5     In the underlying lawsuit, it is alleged that on or about August 14, 2020, Pugsley was entering her apartment when she was approached by Allen, the property manager of Pugsley's apartment complex.

4.6     Allen asked Pugsley if she wanted to see a larger unit.

4.7     Pugsley indicated she was interested in seeing a larger unit and followed Allen to see the other unit.

4.8     Allen then allegedly led Pugsley to an apartment on the fourth floor and showed her inside.

4.9     After entering the unit, Pugsley learned it was Allen's personal unit.

4.10    While in Allen's unit, Pugsley alleges she felt herself struck on the back of the head followed by a loss of consciousness.

4.11    Pugsley woke up the next morning in her own unit with disheveled clothes and feeling like she had a concussion.

4.12    It is alleged Allen physically and sexually assaulted Pugsley in his apartment

COMPLAINT FOR DECLARATORY RELIEF – 3
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1    because she was a woman.

2        4.13    Upon Allen being reported to Yates and Madison by Pugsley, it is further alleged

3    Allen was fired from his role as an apartment manager due to the August 14, 2020, incident in

4    addition to a similar incident that occurred against another female resident of the apartment

5    complex.

6        4.14    It is alleged that after his termination, Allen continued to reside at the apartment

7    complex for another four months with Yates and Madison taking no action to evict Allen.

8        4.15    It is further alleged Yates and Madison were aware Allen had a history of sexually

9    inappropriate behavior towards women prior to his hiring as the apartment complex building

10   manager.

11   **C.    Northfield's Tender**

12       4.16    On November 20, 2023, Plaintiff Northfield was notified of the Underlying

13   Lawsuit.

14       4.17    On November 30, 2023, Yates informed Northfield it had retained counsel and

15   answered the complaint.

16       4.18    On January 23, 2024, Northfield agreed to join in the defense of Yates subject to

17   an express Reservation of Rights. Northfield has denied coverage to Allen.

18                    **V.    THE NORTHFIELD POLICY**

19   **A.    Identification of the Policy**

20       5.1    Northfield issued a policy of insurance to Yates, policy number WS081641,

21   providing coverage from July 19, 2020, to July 19, 2021 (hereinafter the "Policy").

22       5.2    The Policy contains limits of insurance of $1 million each occurrence and $2

23

COMPLAINT FOR DECLARATORY RELIEF – 4
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1   million in the aggregate.

2   **B.     Relevant Provisions of the Northfield Policy**

3        5.3     The Policy's Insuring Agreement states as follows:

4                **SECTION I – COVERAGES**

5                **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

6                **1.     Insuring Agreement**

7                        a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

                        (1)     The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

                        (2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgements or settlements under Coverages A or B or medical expenses under Coverage C.

                No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

                        b.      This insurance applies to "bodily injury" and "property damage" only if:

                        (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

                        (2)     The "bodily injury" or "property damage" occurs during the policy period; and

                        (3)     Prior to the policy period, no insured listed under Paragraph 1. Of section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an

COMPLAINT FOR DECLARATORY RELIEF – 5
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1
2
3
4
5
6

"occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

7   CG 00 01 12 07

8       5.4    The Policy contains the following Classification Limitation:

9   **LIMITATION – CLASSIFICATION**

10   This endorsement modifies insurance under the following:

11   COMMERCIAL GENERAL LIABILITY COVERAGE PART

12   **PROVISIONS**

13       A.    The Following is added to Paragraph **1.b, Insuring Agreement of SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

14
15   This insurance applies to "bodily injury" and "property damage" caused by only those operations which are classified and shown on the Commercial General Liability Coverage Declarations, its endorsements, and supplements.

16
17

18   S17-CG (7/09).

19

20       5.5    The Policy contains the following classified operations:

21       Loc #               Classification

22       001              Buildings or Premises – office – Premises occupied by employees of the insured – For Profit. –

23

COMPLAINT FOR DECLARATORY RELIEF – 6
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Products-completed operations are
Subject to General Aggregate Limit.

002        Buildings or Premises – office –
Premises occupied by employees
of the insured – For Profit. –
Products-completed operations are
Subject to General Aggregate Limit.

003        Buildings or Premises – office –
Premises occupied by employees
of the insured – For Profit. –
Products-completed operations are
Subject to General Aggregate Limit.

S2584D-CG (9/07)

    5.6    The Policy contains the following Limitation of Coverage Endorsement:

**LIMITATION OF COVERAGE TO DESIGNATED
PREMISES, PROJECT OR OPERATION**

This endorsement modifies insurance provided under the
following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.    If this endorsement is attached to Commercial General
Liability Coverage Form CG 00 01, the provisions under
this Paragraph A. apply:

    1.    Paragraph 1.b under **Section I – Coverage A –
Bodily Injury And Property Damage Liability** is
replaced by the following:

        b.    This insurance applies to "bodily injury"
and "property damage" caused by an
"occurrence" that takes place in the
"coverage territory" only if:

            (1)    The "bodily injury" or "property
damage":

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

(a) Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

(b) Arises out of the project or operation shown in the Schedule

CG 21 44 04 17

5.7     The Policy contains the following Schedule listing all premises the insured owns, rents, or occupies:

Loc. # Address of All Premises (Including Zip Code) That You Own, Rent or Occupy

| | | | |
|---|---|---|---|
| 001 | 1500 11th Ave NE | Bellevue | WA 98004 |
| 002 | 50 SW Pine St Suite 400 | Portland | OR 97204 |
| 003 | 425 Pontius Ave N #203 | Seattle | WA 98109 |

S2584D-CG (9/07)

5.8     The Policy contains the following Limitation of Coverage Endorsement:

**LIMITATION OF COVERAGE - REAL ESTATE OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to real estate operations, this insurance applies only to "bodily injury", "property damage" or "personal and advertising injury" arising out of the ownership, operation, maintenance or use of:

1.     Such part of any premises you use for general office purposes; and

2.     Premises listed with you for sale or rental, if:
        a.     You do not own, operate, manage or rent the

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

premises;

  b.  They are not in your care, custody, or control; or

  c.  You do not act as agent for the collection of rents or in any supervisory capacity.

CG 22 60 12 07

  5.9  The Policy also provides the following Expected or Intended Injury Exclusion:

  **2.**  **Exclusions**

  This insurance does not apply to:

  **a.**  **Expected or Intended Injury**
  "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

CG 00 01 12 07

  5.10  The Policy contains the following Assault or Battery Exclusion:

**EXCLUSION – ASSAULT OR BATTERY**

This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

  **1.**  The following exclusion is added to Paragraph 2., Exclusions, of SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

  **Assault or Battery**

  "Bodily injury" or "property damage" arising out of any act of "assault" or "battery" committed by any person, including any act or omission in connection with the prevention or suppression of, or in response to, such

COMPLAINT FOR DECLARATORY RELIEF – 9
CAUSE NO.: 2:24-cv-441

1          "assault" or "battery".

2      […]

3      3.      The following is added to the **DEFINITIONS** Section:

4              "Assault" means any attempt or threat to inflict injury to
               another, including any conduct that would reasonably place
5              another in apprehension of such injury.

6              "Battery" means any intentional, reckless or offensive
               physical contact with, or any use of force against, a person
7              without his or her consent that inflicts some injury,
               regardless of whether the resulting injury inflicted is
8              intended or expected.

9      S23-CG (3/19)

10     5.11    The Policy contains the following Professional Real Estate Services Exclusion

11                     **EXCLUSION – PROFESSIONAL REAL ESTATE**
                                        **SERVICES**

12
       This endorsement modifies insurance provided under the
13     following:

14          COMMERCIAL GENERAL LIABILITY COVERAGE PART

15     **PROVISIONS**

16     1.      The follow exclusion is added to **Paragraph 2.,**
               **Exclusions of SECTION I – COVERAGES –**
17             **COVERAGE A BODILY INJURY AND PROPERTY**
               **DAMAGE LIABILITY:**
18
       **Professional Real Estate Services**
19
       "Bodily Injury" or "property damage" arising out of:
20
       a.      Providing or failing to provide professional "real
21             estate services";

22     […]

23

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3.      The following is added to the **DEFINITIONS** Section:

"Real estate services" means any representation, opinion, advice or instruction relating to the purchase, sale, rental, leasing, valuation, titling or arrangement of financing of real property, provided by you or on your behalf in the capacity of a real estate agent or broker.

S2703-CG (5/16)

5.12    The Policy includes the following exclusion for Discrimination:

**COMBINATION ENDORSEMENT**
**BODILY INJURY AND PROPERTY DAMAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

**A.      AMENDMENT OF EXCLUSIONS**

**[...]**

**5.      EXCLUSION – DISCRIMINATION**

**The following exclusion is added to Paragraph 2., Exclusions, of SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**Discrimination**

"Bodily injury" arising out of discrimination, whether intentional or unintentional, based upon a person's sex, sexual orientation, marital status, race, creed, religion, national origin, age, physical capabilities, characteristics or conditions, or mental capabilities or condition.

S267-CG (6/14)

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

5.13   The Policy includes the following exclusion for Personal and Advertising Injury:

**EXCLUSION – PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply.

CG 21 38 11 85

5.14   Northfield reserves the right to assert any other language from the Policy that may be potentially applicable to this matter.

5.15   In accordance with applicable Washington law, Northfield now brings this claim for Declaratory Judgement seeking a judicial determination that it does not owe any defense or indemnity obligations to Yates or Allen for some or all of the claims asserted against Yates or Allen in the Underlying Lawsuit.

**VI.   THERE ARE ACTUAL JUSTICIABLE CONTROVERSIES AS TO THE RIGHTS AND OBLIGATIONS UNDER THE POLICY**

6.1   Northfield reasserts paragraphs 1.1 through 5.15 and incorporates the same as though fully states herein.

6.2   The Policy provides coverage for sums that an insured becomes legally responsible for because of "bodily injury" to which this insurance applies.

6.3   The Policy further provides that the insurance applies to "bodily injury" only if the "bodily injury" is caused by an "occurrence."

6.4   There is an actual and justiciable controversy as to whether some or all claims

COMPLAINT FOR DECLARATORY RELIEF – 12
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

1    asserted against Yates or Allen are for "bodily injury" as that term is defined by the policy.

2    6.5    There is an actual and justiciable controversy as to whether some or all claims

3    asserted against Yates or Allen for "bodily injury" involve "bodily injury" caused by an

4    "occurrence" as that term is defined.

5    6.6    The Policy explicitly precludes coverage for "bodily injury" that is not caused by

6    operations classified on the Commercial General Liability Coverage Declarations of the Policy.

7    6.7    There is an actual and justiciable controversy as to whether the subject incident

8    was caused by operations that are classified in the Policy Declarations.

9    6.8    The Policy explicitly precludes coverage for "bodily injury" that does not occur

10    on the premises shown in the Policy Schedule.

11    6.9    There is an actual and justiciable controversy as to whether the claims for "bodily

12    injury" asserted against Yates or Allen occurred on the premises shown on the Policy Schedule.

13    6.10    The Policy explicitly precludes coverage for "bodily injury" that does not arise

14    from the ownership, maintenance, or use of premises that are used for general office purposes or

15    premises listed with an insured for sale or rental if the insured does not own, operate, or manage

16    the premises.

17    6.11    There is an actual and justiciable controversy as to whether the claims for "bodily

18    injury" asserted against Yates or Allen arose from the ownership, maintenance, or use of premises

19    used for general office purposes by Yates or if the subject incident arose from premises listed

20    with Yates for sale or rental that are not managed by Yates.

21    6.12    The Policy explicitly excludes coverage for "bodily injury" that is expected or

22    intended.

23

COMPLAINT FOR DECLARATORY RELIEF – 13
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

6.13    There is an actual and justiciable controversy as to whether the claims for "bodily injury" asserted against Yates or Allen were expected or intended on the part of Allen.

6.14    The Policy explicitly excludes coverage for "bodily injury" arising out of any act of "assault" or "battery," as those terms are defined by the Policy.

6.15    There is an actual and justiciable controversy as to whether the claims for "bodily injury" asserted against Yates or Allen arose out of an act of "assault" or "battery."

6.16    The Policy explicitly excludes coverage for "bodily injury" arising out for providing or failing to provide professional "real estate services" as those terms are defined by the Policy.

6.17    There is an actual and justiciable controversy as to whether the claims for "bodily injury" asserted against Yates or Allen arose from providing or failing to provide professional "real estate services."

6.18    The Policy explicitly excludes coverage for "bodily injury" arising out of discrimination based upon a person's sex.

6.19    There is an actual and justiciable controversy as to whether the claims for "bodily injury" asserted against Yates or Allen arose out of discrimination based on Pugsley's sex.

6.20    The Policy explicitly excludes all coverage under Coverage B – Personal and Advertising Injury Liability.

6.21    There is an actual and justiciable controversy as to whether the claims asserted against Yates or Allen fall under Coverage B – Personal and Advertising Injury Liability.

6.22    Northfield reserves the right to assert any other policy language or policy coverage forms that may be potentially applicable to the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY RELIEF – 14
CAUSE NO.: 2:24-cv-441

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

## VII.   CLAIM FOR DECLARATORY JUDGMENT

7.1     Northfield reasserts paragraphs 1.1 through 6.22 and incorporates the same as though fully set forth herein.

7.2     Actual and justiciable controversies exist as to whether Northfield has an obligation to defend Yates under the Policy with regard to the claims asserted against Yates in the Underlying Lawsuit.

7.3     Actual and justiciable controversies exist as to whether Northfield has an obligation to indemnify Yates under the Policy with regard to the claims asserted against Yates in the Underlying Lawsuit.

7.4     Actual and justiciable controversies exist as to whether Northfield has an obligation to defend Allen under the Policy with regard to the claims asserted against Allen in the Underlying Lawsuit.

7.5     Actual and justiciable controversies exist as to whether Northfield has an obligation to indemnify Allen under the Policy with regard to the claims asserted against Allen in the Underlying Lawsuit.

7.6     Pursuant to and in accordance with 28 U.S.C. § 2201, Northfield requests this Court grant declaratory relief in its favor and enter a judicial determination that Northfield does not have an obligation to provide any defense coverage or indemnity obligation to Yates or Allen under the Policy with regard to the claims asserted against Yates or Allen in the Underlying Lawsuit.

## VIII.   PRAYER FOR RELIEF

Northfield, having alleged the foregoing, does now hereby pray for relief as follows:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1.      For a determination of the rights and obligations of the parties hereto under the Northfield Policy.

2.      For a judicial declaration that Northfield owes no defense obligations to Yates for any claims asserted against it in the Underlying Lawsuit.

3.      For a judicial declaration that Northfield owes no indemnity obligation to Yates under the Northfield Policy for any claims asserted against it in the Underlying Lawsuit.

4.      For a judicial declaration that Northfield owes no defense obligations to Allen for any claims asserted against them in the Underlying Lawsuit.

5.      For a judicial declaration that Northfield owes no indemnity obligations to Allen for any claims asserted against them in the Underlying Lawsuit.

6.      For a judicial declaration that Madison and Pugsley are bound by any judicial declarations in this matter involving the Northfield Policy.

7.      For all interest allowed by law.

8.      For attorney's fees and costs allowed by statute and law.

9.      For other and further relief as the Court deems just and equitable.

Dated this 2nd day of April 2024.

LETHER LAW GROUP

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089
*/s/ Michael R. Morgan*
Michael R. Morgan, WSBA #60419
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
mmorgan@letherlaw.com

COMPLAINT FOR DECLARATORY RELIEF – 16
CAUSE NO.: 2:24-cv-441

1

*Attorneys for The Northfield Insurance Company*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DECLARATORY RELIEF – 17
CAUSE NO.: 2:24-cv-441