UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>YATES, WOOD, & MACDONALD, INC., a Washington Corporation; 1000 MADISON, LLC, a Washington Limited Liability Company; GARY R. ALLEN, an individual; and HOLLY PUGSLEY, an individual,<br><br>Defendants. | CASE NO. 2:24-cv-00441-TL<br><br>ORDER ON MOTION TO AMEND COUNTERCLAIMS |

This is an action for declaratory judgment regarding an insurer's duty to defend and duty to indemnify its insureds in an underlying state lawsuit. This matter is before the Court on Defendant Yates, Wood, & MacDonald, Inc.'s ("Yates") Motion for Leave to File First Amended Counterclaims. Dkt. No. 35. Having reviewed Plaintiff Northfield Insurance Company's ("Northfield") response (Dkt. No. 39), Defendant Yates's reply (Dkt. No. 46), and the relevant record, the Court GRANTS the motion.

ORDER ON MOTION TO AMEND COUNTERCLAIMS - 1

I.     BACKGROUND

On August 11, 2023, Defendant Holly Pugsley filed a complaint in Washington state court for damages against Defendants Yates, 1000 Madison, LLC ("Madison"), and Gary R. Allen. *See* Dkt. No. 33 at 5–17 (underlying complaint). Defendant Pugsley alleges that Defendant Allen physically and sexually assaulted her in her apartment, all because of her sex. *See id.* ¶¶ 3.1–6.3, 11.1–11.10. Defendant Pugsley also brings claims for negligence and discrimination against the owner of the apartments, Defendant Madison (*id.* ¶¶ 7.1–7.4, 10.1–11.10), and its property manager, Defendant Yates (*id.* ¶¶ 7.1–11.10).

Plaintiff is the commercial general liability insurer for Defendant Yates. Dkt. No. 1 ¶ 5.1. On January 23, 2024, Plaintiff sent a letter to Defendant Yates, indicating that it would participate in Defendant Yates's defense of the underlying lawsuit but with a reservation of rights. *See* Dkt. No. 33 at 19–31 (letter). According to Defendant Yates, Plaintiff "has not paid anything to [Defendant] Yates for its defense" despite this agreement. *See* Dkt. No. 34 (Szeto declaration) ¶ 3.

On April 2, Plaintiff initiated this declaratory judgment action, seeking a judicial determination that it does not owe a duty to defend or indemnify under the policy issued to Defendant Yates. *See* Dkt. No. 1 ¶¶ 7.1–7.6. On April 30, Defendant Yates filed its Answer and Counterclaim for Declaratory Relief. *See* Dkt. No. 13. In the months that followed, Defendant Yates asked Plaintiff to refrain from filing a motion for summary judgment while its motion to stay (Dkt. No. 32) remained pending, but Plaintiff declined to do so and declined to agree to a stay. Dkt. No. 35 at 2–3.

Defendant Yates now brings the instant motion to add counterclaims for breach of contract, bad faith breach of the duty to defend, and coverage by estoppel. Dkt. No. 35; *see also* Dkt. No. 46 (reply). Plaintiff opposes. Dkt. No. 39.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that outside of certain enumerated circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." This standard is to be applied with "extreme liberality," *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), to facilitate the decision of cases "on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Courts in this Circuit consider five factors to assess whether to grant leave to amend under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)) ("the *Allen* factors"), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "Prejudice is the 'touchstone of the inquiry under Rule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)); *see also William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1982) ("[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party . . . ." (citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

### III. DISCUSSION

Defendant Yates seeks to add counterclaims for breach of contract, bad faith breach of the duty to defend, and coverage by estoppel. *See* Dkt. No. 35 at 1–2; *see also id.* at 7–22 (proposed amended pleading). Defendant Yates argues that all the *Allen* factors weigh in favor of amendment. *See id.* at 3–5; Dkt. No. 46 at 3–5. In response, Plaintiff argues that the motion "is nothing more than a delay tactic using meritless claims in an attempt to prevent [Plaintiff] from pursuing" its claim. Dkt. No. 39 at 5.

Here, the Court finds that the *Allen* factors weigh uniformly in favor of amendment. Most important, Plaintiff appears to make no argument whatsoever regarding the prejudice it would suffer from this amendment. Indeed, it might be hard to make such a case, as this matter remains in its very early stages: for example, amended pleadings are not due until February 10, 2025, and discovery will not close until September 25, 2025. *See* Dkt. No. 50 (scheduling order). As prejudice is the "touchstone of the inquiry under Rule 15(a)," *Eminence Capital*, 316 F.3d at 1052, and Plaintiff has not met its burden to show prejudice, this factor weighs heavily in favor of amendment.

The other factors also weigh in favor of amendment. There is no evidence that Defendant Yates is operating in bad faith; the proposed counterclaims are not frivolous on their face and appear at least plausibly supported by factual allegations. Even if the amended pleadings *could* have been filed sooner, Defendant Yates has not engaged in *undue* delay, as it seeks amendment well in advance of the February 2025 deadline. Defendant Yates has also not amended its counterclaims previously. Finally, to the extent that Plaintiff argues that amendment is futile ("meritless claims," Dkt. No. 39 at 5), the Court cannot so find without the benefit of proper briefing on a motion to dismiss or other dispositive motions.

## IV. CONCLUSION

Accordingly, Defendant Yates's Motion for Leave to File First Amended Counterclaims (Dkt. No. 35) is GRANTED. Defendant Yates SHALL file its First Amended Counterclaims **within three (3) days** of this Order.

Dated this 12th day of November 2024.

Tana Lin
United States District Judge