UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, a foreign insurer,<br><br>                Plaintiff,<br>    v.<br><br>YATES, WOOD, & MACDONALD, INC., a Washington Corporation; 1000 MADISON, LLC, a Washington Limited Liability Company; GARY R. ALLEN, an individual; and HOLLY PUGSLEY, an individual,<br><br>                Defendants. | CASE NO. 2:24-cv-00441-TL<br><br>ORDER ON MOTION TO STAY |

This matter is before the Court on Defendants Yates, Wood, & MacDonald, Inc. ("Yates"), 1000 Madison, LLC ("Madison"), and Holly Pugsley's Joint Motion to Stay.[1] Dkt. No. 32. Having reviewed Plaintiff Northfield Insurance Company's response (Dkt. No. 37),

---

[1] Defendant Pugsley did not sign the joint motion, but she filed a separate "response" stating that she "does not oppose the motion and joins in the request for relief." Dkt. No. 36 at 1.

ORDER ON MOTION TO STAY - 1

Defendants' reply (Dkt. No. 45), and the relevant record, the Court GRANTS IN PART and DENIES IN PART the motion as follows.

I. BACKGROUND

On August 11, 2023, Defendant Holly Pugsley filed a complaint in Washington state court for damages against Defendants Yates, 1000 Madison, LLC ("Madison"), and Gary R. Allen. *See* Dkt. No. 33 at 5–17 (underlying complaint). Defendant Pugsley alleges that Defendant Allen physically and sexually assaulted her in her apartment, all because of her sex. *See id.* ¶¶ 3.1–6.3, 11.1–11.10. Defendant Pugsley also brings claims for negligence and discrimination against the owner of the apartments, Defendant Madison (*id.* ¶¶ 7.1–7.4, 10.1–11.10), and its property manager, Defendant Yates (*id.* ¶¶ 7.1–11.10).

Plaintiff is the commercial general liability insurer for Defendant Yates. Dkt. No. 1 ¶ 5.1. On January 23, 2024, Plaintiff sent a letter to Defendant Yates, indicating that it would participate in Defendant Yates's defense of the underlying lawsuit but with a reservation of rights. *See* Dkt. No. 33 at 19–31 (letter). According to Defendant Yates, Plaintiff "has not paid anything to [Defendant] Yates for its defense" despite this agreement. *See* Dkt. No. 34 (Szeto declaration) ¶ 3. Defendant Madison has also tendered defense and indemnity to Plaintiff. *See* Dkt. No. 33 at 100–01 (letter). Plaintiff denied coverage. *See id.* at 103–04 (letter). Defendant Yates has demanded that Plaintiff defend Defendant Madison. *See id.* at 106–11 (letter).

On April 2, Plaintiff initiated this declaratory judgment action, seeking a judicial determination that it does not owe a duty to defend or indemnify under the policy issued to Defendant Yates. *See* Dkt. No. 1 ¶¶ 7.1–7.6. Defendants Yates, Madison, and Pugsley have since answered. *See* Dkt. Nos. 13, 15, 21. Nothing in the record reflects whether Defendant Allen has

ORDER ON MOTION TO STAY - 2

been served but he has not appeared in this matter, despite a service deadline of July 22.[2] On August 27, the Parties filed a joint status report (Dkt. No. 41), and on September 30, the Court set a trial schedule (Dkt. No. 50). Finally, on November 12, the Court granted Defendant Yates's motion to amend counterclaims. *See* Dkt. No. 51. Plaintiff's motion for summary judgment remains pending. Dkt. No. 42.

## II.    LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). This includes "discretionary power to stay proceedings in its own court." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When a stay is proposed, the court must weigh the competing interests impacted, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## III.    DISCUSSION

Defendants argue that all three factors weigh in favor of a stay. *See* Dkt. No. 32 at 4–15. Plaintiff argues that all three factors weigh against a stay. *See* Dkt. No. 37 at 6–14. The Court weighs each factor and considers them together.

---

[2] The original deadline to serve Defendant Allen was July 1. *See* Fed. R. Civ. P. 4(m). Upon Plaintiff's unopposed request, the Court extended the deadline to July 22. *See* Dkt. Nos. 22 (motion), 25 (order).

### A. Possible Damage from Granting a Stay

Defendants argue that the possible damage to Plaintiff is "[n]egligible or [n]on-existent." Dkt. No. 32 at 5. They point out that Plaintiff has paid nothing to Defendants, and that Plaintiff has reserved a right to recoupment. *See id.* at 5–6. In response, Plaintiff argues that the stay will "forc[e] it to pay for the defense of [Defendant] Yates where there is likely no coverage obligation in the first place." Dkt. No. 37 at 7.

As an initial matter, "[i]t is possible that [Plaintiff] will be damaged by a stay." *Fed. Ins. Co. v. Holmes Weddle & Barcott PC*, No. C13-926, 2014 WL 358419, at *3 (W.D. Wash. Jan. 31, 2014). "[A]n insurer may be prejudiced by having to pay defense costs in a case where there may be no duty to defend if the stay is granted." *Id.* (quoting *Cont'l Cas. Co. v. Glob. Allies, LLC*, No. C11-3237, 2012 WL 5289315, at *4 (E.D. Cal. Oct. 24, 2012)).

In cases where a reimbursement clause was included in the insurance policy, courts in this District have weighed this factor in favor of a stay. *See, e.g.*, *W. Am. Ins. Co. v. Constr. Loan Servs. II, LLC*, No. C20-1092, 2020 WL 6747958, at *2 (W.D. Wash. Oct. 6, 2020) (holding existence of reimbursement clause, whether enforceable or not, "lessens the likelihood that Insurers will be damaged by a stay"); *Holmes Weddle*, 2014 WL 358419, at *3 (same). However, in cases where no reimbursement clause was noted, courts have weighed this factor against a stay. *See, e.g.*, *Gov't Emps. Ins. Co. v. Gerjets*, No. C19-5912, 2020 WL 1031295, at *4 (W.D. Wash. Mar. 3, 2020) ("[T]o the extent that coverage is not warranted, this factor weighs in favor of denying a stay of proceedings."). After all, the Washington Supreme Court has held that in the absence of a reimbursement clause, "insurers may not seek to recoup defense costs incurred under a reservation of rights defense while the insurer's duty to defend is uncertain." *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wn.2d 872, 887, 297 P.3d 688 (2013).

In this case, in its letter agreeing to defend Defendant Yates, Plaintiff "reserves its right to be reimbursed and/or seek allocation of attorney's fees and expenses to the extent it is determined that there is no coverage under the policy for any of the claims or damages alleged in connection to this claim." Dkt. No. 33 at 29. But in its brief, Plaintiff now asserts that it "will not be able to recoup [defense] costs' (Dkt. No. 37 at 6 (emphasis in original)) while never explaining its prior reservation of a right to recoupment. For its part, Defendant Yates cites to Plaintiff's reservation of rights letter but does not cite an actual reimbursement clause in the insurance policy or otherwise explain how Plaintiff would recoup defense costs if coverage is later denied. The Court is not obligated to hunt through the Parties' submissions for evidence, *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))), and thus presumes Plaintiff's failure to point out a reimbursement clause is an admission that no such clause is included in the insurance policy.

Despite Plaintiff's prior insistence to the contrary, Washington caselaw makes clear that an insurer (that did not bargain for a reimbursement clause) may not recoup defense costs from the insured, even if a court later concludes that coverage did not apply. *See Immunex*, 176 Wn.2d at 881–88. Here, "[i]f a stay of proceedings is granted, [Plaintiff] may have to continue sharing the cost of [Defendants'] defense in the underlying case," which is possibly damaging to Plaintiff to the extent that coverage is ultimately denied and there is no right of recoupment.[3] *Gerjets*, 2020 WL 1031295, at *4. Therefore, this factor weighs against a stay.

---

[3] It is troubling to the Court that given Plaintiff's admission in its briefing, it appears Plaintiff is aware it should have been paying defense costs (*see* Dkt. No. 37 at 6) but has not yet paid any costs, according to Defendant Yates (*see* Dkt. No. 32 at 2). However, this does not change the Court's analysis, as Plaintiff may still be damaged.

B.      **Hardship or Inequity in Being Required to Go Forward**

Defendants argue that going forward will require Defendants Yates and Madison into a "two-front war, thereby expending precious resources fighting both the insurer and the third-party action, which undercuts one of the primary reasons for purchasing liability insurance." Dkt. No. 32 at 7 (quoting *Holmes Weddle*, 2014 WL 358419, at *4). Defendants also argue at length that defending the instant action will require Defendant Yates "to present extrinsic facts that will prejudice its defense in the Underlying Lawsuit." *Id.*; *see also id.* at 7–14. In response, Plaintiff argues that "all coverage issues in this matter can be resolved through summary judgment without the need for any discovery of further evidence beyond the Complaints in the Underlying Lawsuit and [Plaintiff's] insurance policy." Dkt. No. 37 at 11. Plaintiff is also willing "to agree to a limited stay regarding discovery directed toward [Defendant] Yates." *Id.*

Currently, Plaintiff's motion for summary judgment (Dkt. No. 42) —based purely on the language in the policy—is fully briefed and ripe for decision; Defendant Yates has already filed a response to that motion (Dkt. No. 47). Thus, it appears that Defendant Yates "will not be prejudiced by the allowing the court to make a determination on that motion as to whether any issues of material fact exist." *Am. Commerce Ins. Co. v. Stewart*, 2010 WL 2788210, at *2 (W.D. Wash. July 9, 2010). Further, the Court will impose a limited stay of discovery toward Defendant Yates to mitigate any hardship in proceeding with this matter. Therefore, this factor weighs against a stay.

C.      **Orderly Course of Justice**

Defendants argue that a stay supports the orderly course of justice because it will "avoid prejudicing [Defendant] Yates in the Underlying Lawsuit." Dkt. No. 32 at 14. Defendants also point out that "if [Plaintiff] is correct that it has a right to recoup its defense payments from [Defendant] Yates, then it can recoup those once the stay is lifted and thus mitigate any harm."

*Id.* at 14–15. In response, Plaintiff argues that a stay "would run counter" to the orderly course of justice because it "will not resolve material facts concerning coverage." Dkt. No. 37 at 14.

The Parties' arguments here are essentially repetitive of arguments discussed above: prejudice to Defendant Yates's defense of the underlying lawsuit; no further discovery needed for the instant matter to proceed. Because the Court will grant a stay of discovery toward Defendant Yates, and because it appears no additional discovery is needed to resolve Plaintiff's motion for summary judgment,[4] this factor weighs against a stay.

Because all three factors weigh against a stay, the Court finds that a stay is inappropriate at this time. Defendants may renew their request as circumstances change, if appropriate.

### IV.   CONCLUSION

Accordingly, Defendants' Joint Motion to Stay (Dkt. No. 32) is GRANTED IN PART and DENIED IN PART. Discovery toward Defendant Yates is STAYED pending further rulings from this Court. In all other respects, the motion is DENIED.

Dated this 12th day of November 2024.

Tana Lin
United States District Judge

---

[4] If the Court determines that it needs to resolve any factual issues to decide Plaintiff's motion for summary judgment, then Defendant may renew its motion for a stay, if appropriate. *See Am. Commerce Ins. Co.*, 2010 WL 2788210, at *2.